# REPORTS OF CASES

### ADJUDGED IN

# THE COURT OF APPEALS

#### OF THE

## DISTRICT OF COLUMBIA.

## GLEASON *v.* HOEKE.

#### SEVENTY-THIRD RULE ; AFFIDAVITS.

1. The plaintiff's affidavit under the Seventy-third Rule of the Supreme Court of this District, allowing summary judgments in certain instances, is to be strictly construed, while the defendant's affidavit of defense is to be liberally construed, *following* Lawrence *v.* Hammond, 4 App. D. C. 467.
2. While such an affidavit of defense must allege facts which will constitute a substantial defense with reasonable distinctness and precision, the fact that the defense may appear to be unreasonable will not make it insufficient, *following* Vogeler *v.* Cropley, 2 App. D. C. 28, and Richmond *v.* Cake, 1 App. D. C. 447.
3. An affidavit of defense construed and *held* to be sufficient.

No. 343. Submitted October 16, 1894. Decided December 3, 1894.

HEARING on an appeal by the defendant from a judgment under the Seventy-third Rule in an action on a promissory note.

The FACTS are sufficiently stated in the opinion.

*Mr. J. Coleman* for the appellant.

*Messrs. Hamilton & Colbert* for the appellee :

1. The averments in the affidavit of defense do not constitute a statement "in precise and distinct terms of the

5 Ct. App.—1

grounds of defense sufficient to defeat the plaintiff's claim in whole or in part," as required by the Seventy-third Rule.

The allegation that after two years of use some of this furniture became out of repair is wholly insufficient as tending to support a breach of contract that the goods were to be first-class and well made. There is no averment as to what portion of the goods became out of repair, when or how they were injured, or the extent of the damage. *Vogeler* v. *Cropley*, 2 App. D. C. 28; *Black* v. *Halstead*, 39 Pa. St. 64; *Lord* v. *Ocean Bank*, 8 Harris, 387; *Blackburn* v. *Ormsby*, 41 Pa. St. 101; *Beardsley* v. *Delp*, 88 Pa. St. 420.

2. A fatal objection to the averment that the defendant was informed and believed that Hoeke had charged him with more than five per cent. beyond the actual cost of the furniture, is that the defendant had no personal knowledge of this averment and does not pretend to have any. He relies on other evidence than his own knowledge, but fails to state the nature of that evidence or the source of his information. It is well settled that in an affidavit of this sort, where the defendant sets up a defense founded on information and belief, he must aver either the sources of his information and the grounds of his belief or he must aver an expectation of ability to prove such facts as he alleges upon information and belief. *Black* v. *Halstead*, 39 Pa. St. 64; Endlich Aff. of Def., Par. 343; *Berrill* v. *Zeigefans*, 1 T. & H. 233; *Bank* v. *Gregg*, 79 Pa. St. 384; *Wolverton* v. *Smith*, 4 W. N. C. 442; *Hinckley* v. *Shope*, 2 Pears. 17; *Sterling* v. *Ins. Co.* 8 Casey, 78; *Lord* v. *Bank*, 8 Harr. 386; *Walker* v. *Geisse*, 4 Wh. 257; *Brown* v. *Street*, 6 W. & S. 222; *Moore* v. *Somerset*, 6 W. & S. 263.

3. The averment that after the maturity of the note in suit the appellee agreed to accept in satisfaction of the note the defendant's equity in the real estate upon which the note was secured, but he afterward declined to do so, will not avail the appellant. Even if the agreement were a valid one, entitling the appellant to damages for its breach,

the breach could not be set up in an action like the present. It cannot be availed of by way of set-off, and it cannot be availed of as a recoupment. The damages recouped for must be for a breach of the same contract upon which suit is brought. *Batterman* v. *Pierce*, 3 Hill, 171; *Deming* v. *Kemp*, 4 Sand. 147; *Miles* v. *Elkin*, 10 Ind. 329. If the defendant has any remedy for the breach of this alleged agreement that remedy must be sought for in an independent action.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. This is an appeal from a judgment entered below by virtue of the Seventy-third Rule of the Supreme Court of the District of Columbia. The plaintiff, William H. Hoeke, sued the defendant, Albert Gleason, upon a note for $7,390.18, dated July 12, 1892, admitting credits thereon as follows: August 12, 1892, $221.70; January 10, 1894, $4,630.19. The plaintiff's affidavit* made to comply with the require-

---

*Plaintiff's Affidavit.*—District of Columbia, ss: Personally appeared before me, a notary public in and for the District of Columbia, William H. Hoeke, who, being duly sworn, deposes and says that he is a citizen of the United States and a resident of the District of Columbia, and he is the person named as plaintiff in the foregoing and annexed declaration, which he refers to as part hereof; that he has a cause of action against Albert Gleason, the person named as defendant in said declaration, as follows: On the 12th day of February, A. D. 1892, said Albert Gleason, being indebted to affiant, for goods sold and delivered by affiant to him, in the sum of $7,390.18, gave to affiant his promissory note for that amount, payable in one year after date, with interest at six per cent. per annum until paid, as will more fully appear by said note, attached to said declaration as part of the particulars of demand, which particulars of demand are hereby referred to and made part hereof; that on the 12th day of August, 1892, the said Gleason paid the sum of $221.70, interest due on said note, and on the 10th day of January, 1894, paid the sum of $4,630.19, as will be explained more fully hereafter; that no other or further part of said note has been paid by said Gleason, although the same is now due and payable. Affiant further says that the said note is the genuine note of said Albert Gleason and the signature thereto is his genuine signature; and affiant says there is justly due him from said Gleason the full amount claimed in his declaration, to wit, the sum of $7,390.18, with interest thereon from February 12, 1892, less the sum of $221.70 paid August 12, 1892, and the sum of $4,630.19, paid January 10, 1894, exclusive of all set-offs and just grounds of defense. Affiant says that he is now and always has been since the date of said note the owner and holder thereof; that said

ments of the rule aforesaid, sets out his case fully as regards the origin of the debt, the execution of the note and the items of credits, and states the sum claimed to be due as follows: "Affiant says there is justly due him from said Gleason the full amount claimed in his declaration, to wit, the sum of $7,390.18, with interest thereon from February 12, 1892, less the sum of $221.70 paid August 12, 1892, and the sum of $4,630.19, paid January 10, 1894, exclusive of all set-offs and just grounds of defense."

We think the statement sufficient, though it would have been better to state the amount actually due at the time, without leaving it to be ascertained by calculation from the statement as made. The statement must be considered as certain because it can readily be rendered certain; and there is nothing in it which could mislead or prejudice the defendant.

2. The sufficiency of the defendant's affidavit* setting up

---

note was executed by said Gleason and delivered to this affiant in the usual course of business, for value and in payment of certain merchandise, consisting of household furniture, carpets, &c., furnished by affiant to the said Gleason prior to the date of said note; and to secure the payment of said note said Albert Gleason executed a deed of trust on certain property owned by him, to wit, lots 13 and 15, in block 5, Kalorama, District of Columbia, to Edward J. Stellwagen and Frederick B. McGuire, trustees; that on the 12th day of August, 1892, the said Gleason paid six months interest, then due on said note, to wit, $221.70, but at the maturity of said note, to wit, on the 12th day of February, 1893, he defaulted in the payment of said note and has never since paid anything on account thereof, and, therefore, on the 14th day of December, 1893, the said trustees, by direction of affiant, sold said property at public auction, at which sale said Gleason was present, and the total amount realized from said sale after the payment of expenses, and received by this affiant, was the sum of four thousand six hundred and thirty dollars and nineteen cents ($4,630.19) as will appear by the statement of said sale, attached to the foregoing declaration as part of the particulars of demand and referred to as part hereof.                    WILLIAM H. HOEKE.

*Defendant's Affidavit.—United States of America, District of Columbia, ss : Albert Gleason, being first duly sworn, on oath deposes and says : That he admits having executed the note described in the plaintiff's declaration in this action, but denies that he is indebted thereon. This affiant further says that at or about the time of the giving of the said note he entered into an agreement with the said plaintiff to furnish and deliver in the Hotel Oxford, in the city of Washington, all the furniture, bedding, and carpets necessary to

his grounds of defense, is now to be considered. In doing so it must be borne in mind that the rule depriving a party, under certain conditions, of his right to a trial by jury in the regular mode of the common law, ought to be strictly

---

furnish the said hotel, of which this affiant was then proprietor, for the sum of about sixteen thousand four hundred dollars, as near as this affiant now recollects. That the note described in the plaintiff's declaration was given in part consideration for said purchase. This affiant further says that at the time of said purchase and sale, the said plaintiff agreed with this defendant that he would furnish and deliver the said furniture, bedding and carpets in the said hotel, and that the same should all be new, well made, and in good condition, ready for use, and in all respects fitted and adapted for a first-class hotel, and that for his services in purchasing, delivering, and putting up the same in said hotel he should charge and receive five per cent. upon the actual cost thereof, and no more, and that said five per cent. should be in full compensation for his services as aforesaid. This affiant further says that at the time aforesaid he was entirely unfamiliar with the cost and value of hotel furniture, never having had any experience in running a hotel, and relied wholly and solely upon the representations of the said plaintiff as to the quality and value of said bedding, furniture and carpets, and the cost thereof. This affiant further says that the said plaintiff, at the time of the purchase of said furniture, bedding and carpets, and the delivery of the same, wrongfully contriving and intending to injure and defraud this defendant, represented to this affiant that the same was, as aforesaid, in good condition and in all respects suitable and fitted for use in said hotel, and that he had charged this affiant five per cent., and no more, upon the actual cost of the same; which said sum of five per cent., and no more, was included in the price aforesaid. That at the said time this affiant could not ascertain and determine the quality and fitness of said furniture, bedding and carpets, as it could not be known until it had been used; neither had he any means of knowing the true cost of said furniture, bedding and carpets or whether or not the said plaintiff's charges were more than five per cent. upon the actual cost thereof for his compensation, but was obliged to and did rely wholly upon the representations of said plaintiff in regard thereto, as aforesaid, and, relying thereon and confiding in the truth of the same, this affiant made said purchase, as aforesaid, and executed and delivered to the said plaintiff the promissory note described in the plaintiff's declaration, and secured the same by trust deed as aforesaid. This affiant further says that the said plaintiff well knew that the said representations so made by him as aforesaid were false, and that the said furniture was not well made and in good condition and well fitted for use in said hotel, but that the same was defective and not securely and properly made, so that by using the same it in many instances became out of repair and unfit for use, and this affiant by means thereof was put to great cost, trouble and expense and sustained great damage thereby. This affiant further says that, as he is informed and believes, said plaintiff falsely represented that he had not charged him, this affiant, to exceed five per cent. upon the actual cost of said furniture, bedding and carpets, but that he had in truth and in fact charged a much greater sum than five per cent. upon the cost of the same, in some instances amounting to twelve per cent. and others to

construed, as regards the affidavit of the plaintiff, and liberally and broadly construed as regards the counter affidavit of the defendant, for the just reasons stated by the Chief Justice of this court, in the opinion in a recent case, *Lawrence* v. *Hammond*, 4 App. D. C. 467.

The defendant admitted the execution and delivery of the note, and alleged that it was given in the purchase of certain furniture sold, delivered and set up in a hotel occupied by defendant. Three defenses are claimed with a view to defeat the plaintiff's recovery in whole or in part. The first is to the effect that the plaintiff agreed to purchase the furniture and deliver it in the house for the amount of the actual cost of the same, and five per cent. in addition thereto; that he misrepresented the original cost; and defendant, without means of knowledge, accepted his statement, which he has since discovered to be untrue; that defendant has since discovered that the amount of the note was made to embrace an advance of from twelve to twenty per cent. on

---

twenty per cent. upon the cost thereof, which he, the said plaintiff, at the time aforesaid well knew. This affiant further says that the reason he paid the first instalment of interest on said note was, the same had been put in the Washington Loan and Trust Company by said plaintiff as collateral, and he did not want the same to go to protest, and that he had before that time and when he discovered that said furniture was defective, and that said plaintiff had charged more than five per cent. upon the cost, as aforesaid, notified said plaintiff of the same, and the said plaintiff had then informed this affiant that when said note was settled he would do whatever was fair and right in regard thereto, which the said plaintiff has since and still does refuse to do. This affiant further says that he has sustained great damage by reason of the defects in said furniture, as aforesaid, and by reason of its not being as represented, and by reason of the said plaintiff having charged more than five per cent. upon the cost of said furniture, bedding and carpets, as aforesaid, to wit, in the sum of five thousand and five hundred dollars, as he verily believes. This affiant further says that the real estate described in the plaintiff's declaration, given as security for the payment of said note, was worth, over and above all incumbrances on the same, a sum largely in excess of the amount of said note and interest, and that the said plaintiff, after the said note became due, agreed to take the said property in payment of the same, and which he afterwards declined to do, and instead thereof caused the same to be sold at public sale, which, owing to the stringency in the money market, this affiant was compelled to permit to be sold for a sum less than its value, to his great loss and damage.

ALBERT GLEASON.

the cost, instead of five per cent. as agreed on.   The second defense is that the furniture was defective, not properly made, and so forth, and defendant was damaged thereby.   The third defense is that the note was secured by trust deed on certain lands, worth more than the debt and interest ; and that after the note matured plaintiff agreed to take the land in full payment, but finally refused to do so, and caused it to be sold at a great sacrifice, " owing to the stringency in the money market," whereby defendant was damaged.

The second and third grounds of defense are lacking in precision and certainty.   The affidavit is not a substitute for pleading or special pleading.   It need not be drawn with so much nicety as to meet every objection that might be urged ; but at the same time it must allege facts which will constitute a substantial defense with reasonable distinctness and precision.   Where these are lacking the plaintiff ought not to be barred of his right to immediate judgment.   *Vogeler* v. *Cropley*, 2 App. D. C. 28 ; Endlich on Aff. of Def., Sec. 364.

This criticism of the second and third grounds does not apply to the first.   The grounds thereof, if true, present a case where the facts are peculiarly within the knowledge of the plaintiff, and, reasonably, not of ready access to the defendant.   It is a simple case of contract and overcharge, and admits of rather general statement.   That under all the facts and circumstances of the case the defense may appear to be unreasonable cannot affect the defendant's right.   *Richmond* v. *Cake*, 1 App. D. C. 447, 465.

Because of the error with respect to the first ground of defense, *the judgment must be reversed, with costs to the appellant, and the cause remanded for new trial ; and it is so ordered.*